IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TTI CONSUMER POWER TOOLS, INC., TECHTRONIC POWER TOOLS TECHNOLOGY LIMITED, and TECHTRONIC CORDLESS GP,<br><br><br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS LLC,<br><br><br>Defendant. | <br><br><br><br><br><br><br><br><br>Civil Action No. 22-673-CFC |

## MEMORANDUM ORDER

Defendant Lowe's Home Centers LLC filed a request for *ex parte* reexamination of all 13 claims of U.S. Patent No. 10,837,451 (the #451 patent). D.I. 13-1, Ex. A.  Three weeks later, the United States Patent and Trademark Office (PTO) granted the request.  D.I. 13-2, Ex. B.  Six weeks after the PTO granted the request—and nine weeks after the request was filed—Plaintiffs TTI Consumer Power Tools, Inc., Techtronic Power Tools Technology Limited, and Techtronic Cordless GP (collectively TTi) filed this suit.  D.I. 1.  Pending before me is Lowe's Home Centers LLC's Motion to Stay Pending *Ex Parte* Reexamination of U.S. Patent No. 10,837,451.  D.I. 11.  TTi opposes the motion.

Deciding whether to stay litigation is a matter left to the Court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). In exercising this discretion, the Court must weigh the competing interests of the parties and attempt to maintain an even balance. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Courts typically consider three factors in deciding whether to exercise this discretion: (1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete, and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See, e.g., Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, 2015 WL 1737476, at *1 (D. Del. Apr. 9, 2015); *Enhanced Sec. Rsch., LLC v. Cisco Sys., Inc.*, 2010 WL 2573925, at *3 (D. Del. June 25, 2010). Additionally, when deciding whether to stay a case pending covered business method (CBM) review proceedings, courts consider "whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court." *Brit. Telecomms. PLC v. IAC/InterActiveCorp.*, 2019 WL 4740156, at *2 (D. Del. Sept. 27, 2019). "While Congress's four-factor test for granting stays in the CBM context does not expressly extend to other types of post-grant proceedings, such as *ex parte* reexaminations, courts have found that the policy considerations governing the issuance of stays are similar with respect to all post-grant proceedings. For that reason, the Federal Circuit and various district courts have held that courts may weigh the fourth factor set forth in the CBM

2

statute when considering staying cases that are co-pending with other types of post-grant proceedings." *TC Tech. LLC v. Sprint Corp.*, 2021 WL 4521045, at *2 (D. Del. Oct. 4, 2021).

All four factors weigh in favor of staying this case. First, a stay will almost certainly simplify the issues in this case. The PTO is reexamining all 13 claims in the only patent that is asserted. "[F]ollowing reexamination, roughly 80 percent of the reexamined claims are either canceled or amended." *TC Tech.*, 2021 WL 4521045, at *6. So, the *ex parte* reexamination is highly likely to result in at least some cancelled or modified claims. In fact, the PTO has already issued a non-final office action rejecting all 13 claims. D.I. 13-5, Ex. E. This office action increases the likelihood that at least some claims will be cancelled or modified. "If all or some of the asserted claims are cancelled, this litigation would be simplified" or mooted entirely. *Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351, at *3 (D. Del. Dec. 13, 2010). "If all or some of the asserted claims are modified, this could render much of the parties' and Court's resources wasted—if, for instance, the Court construes claim terms that are subsequently eliminated by amendment in the reexamination." *Id.* So, granting a stay is highly likely to simplify the case and to conserve the parties' and the Court's resources.

Second, this case is in its early stages. When the parties submitted their briefing for this motion, discovery had not started, and a trial date was not set.

3

Since then, the Court has issued a scheduling order (D.I. 27), and the trial date is approximately two years away. If any discovery has occurred, it is minimal. In short, this litigation's most burdensome parts have yet to occur. TTi does not contest that this litigation is in its infancy. It merely claims that this litigation is only in its infancy because the parties initially attempted to resolve this dispute without resorting to litigation. But explaining why this litigation is in its infancy does not change the fact that this litigation is in its infancy. Granting a stay at this early stage will advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their resources addressing invalid claims.

Third, a stay will neither unduly prejudice nor provide a clear tactical disadvantage to TTi. "Courts are reluctant to stay proceedings where the parties are direct competitors." *Cooper*, 2010 WL 5149351, at *5. But Lowe's and TTi are not direct competitors. Lowe's sells its alleged infringing product to consumers; TTi sells to Home Depot. Lowe's and Home Depot are direct competitors, but Lowe's and TTi are not. Absent direct competition, a stay is not likely to unduly prejudice TTi. Further, any prejudice is minimized because TTi "would be entitled to compensation for past infringement if the Court grants a stay and the [#451] patent survives reexamination." *Id.* at *4.

TTi alleges that staying this case "would provide Lowe's an unfair tactical advantage by allowing it to capitalize on TTi's good faith pre-suit efforts to resolve

4

the infringement." D.I. 17 at 19.  But it appears that both parties negotiated in good faith before this suit was filed.  During the negotiations, Lowe's told TTi that "[Lowe's's supplier of the accused product] is in possession of evidence that can invalidate the [#451 patent] in a reexamination proceeding." D.I. 18-6, Ex. F at 7.  After the negotiations proved fruitless, Lowe's filed the request for reexamination and, several weeks later, TTi filed this case.  If anything, Lowe's was fully transparent about its intentions and neither party gained a tactical advantage from these negotiations.

Fourth, for the reasons discussed above in the first and second factors, staying the case pending *ex parte* reexamination will reduce the burdens on the Court.

TTi also contends that "staying this proceeding when Lowe's made the strategic decision to file an EPR as opposed to an IPR conflicts with Congress's intent in creating IPR proceedings of definite duration." D.I. 17 at 20.  Lowe's does not address this argument.  But Congress provided for both an *ex parte* reexamination procedure and an *inter partes* review procedure.  I therefore do not see how Lowe's's choice to file a request for an *ex parte* reexamination—a procedure Congress created—conflicts with congressional intent.

NOW THEREFORE, at Wilmington this Seventh day of November in 2022, **IT IS HEREBY ORDERED** that this case is **STAYED** pending *ex parte*

5

reexamination of U.S. Patent No. 10,837,451. **IT IS FURTHER ORDERED** that the parties shall jointly file a status report every ninety days, beginning ninety days after the date this Order is entered.

_____
                CHIEF JUDGE

6